# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 18, 2022

Lyle W. Cayce
Clerk

No. 21-50752

United States of America,

*Plaintiff—Appellee*,

*versus*

Justin Giovanni Narvaiz-Gonzalez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-121-DC-1

Before Jolly, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Justin Giovanni Narvaiz-Gonzalez appeals the 24-month term of imprisonment and three-year term of supervised release imposed for transporting illegal aliens for financial gain. He contends that the district court committed reversible plain error by applying an enhancement for reckless endangerment pursuant to U.S.S.G. § 2L1.1(b)(6). We agree. At

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50752

sentencing, the district court plainly erred by enhancing Narvaiz-Gonzalez's total offense level for reckless endangerment pursuant to U.S.S.G. § 2L1.1(b)(6). *See United States v. Ramirez*, 37 F.4th 233, 237 (5th Cir. 2022) (holding that it is plain error for a district court to impose the U.S.S.G. § 2L1.1(b)(6) reckless endangerment sentencing enhancement based on non-severe vehicle overcrowding and a lack of a driver's license). Accordingly, we VACATE Narvaiz-Gonzalez's sentence and REMAND the case to the district court for resentencing.

No. 21-50752

HAYNES, *Circuit Judge*, concurring:

Given that we are bound by precedent, I concur in the judgment. However, although I agree that the number of people in the vehicle at issue here was not enough to warrant the enhancement in question, I respectfully disagree with the decision in *United States v. Ramirez*, 37 F.4th 233, 237 (5th Cir. 2022) that said that a lack of a driver's license in addition to the vehicle overcrowding is not enough. In so holding, it utterly failed to address this issue or distinguish *United States v. Luyten*, 966 F.3d 329 (5th Cir. 2020), which ruled the other way as to a revoked pilot license. *Id.* at 334–35. While I understand that there could be situations where a driver without a license is not unsafe, I do not think it should be viewed as plain error to have concluded otherwise in general.